

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

In re: Junelle Jackson )   Case No. 11-50061
                                    )   Chapter 13
                                    )   Judge Alan M. Koschik
                                    )
                                    )   PETITION FOR UNCLAIMED FUNDS
                 Debtors          )   AND ORDER THEREON[1]

Spring Solutions, LLC _____, the Petitioner, under penalty of perjury, declares that the following statements and information are true and correct:

1. *Identification of Claimant.* The Claimant's current name, address, and telephone number are:
   Name: Spring Solutions, LLC assignee to Junelle Jackson
   Address: P.O. Box 334, Glen Burnie, MD 21060
   Telephone Number: 410.760.5841

---

[1] For purposes of this Petition and the attached Exhibit A, the following terms apply:
- "Petitioner" means either the Claimant or the Authorized Representative, or an attorney at law representing the Claimant or Authorized Representative.
- "Claimant" means either (a) a party in the above-captioned case who was due to receive a distribution of funds from the estate of the Debtor, but which funds were instead deposited as unclaimed funds with the Court, or; (b) a person or entity that gained the rights of ownership of the original owner's claim.
- "Authorized Representative" means a person or entity given written authorization by the Claimant to file this Petition on behalf of the Claimant, or a person or entity serving as a duly authorized representative of the estate of a Claimant who is deceased. This includes but is not limited to an employee of the Claimant, a funds locator service, and an attorney-in-fact.

2. *Amount of Distribution.* The Claimant was due to receive a distribution from the estate of the Debtor in the above-captioned case in the amount of $3454.84. The Claimant's Tax ID/Social Security Number and other required documentation are submitted separately with Exhibit A, and will be docketed as private docket events.

3. *Evidence of Funds Due.* The funds due Claimant were deposited with the Court pursuant to 11 U.S.C. § 347. As evidence thereof, the following document is appended to the Petition (check applicable box):

   [✔] a copy of the Unclaimed Funds Search web page;

   [ ] a copy of the court order depositing the funds into the Treasury/Registry as unclaimed;

   [ ] a copy of the receipt and attached list of parties entitled to the unclaimed funds;

   [ ] other supporting documentation (please describe): _____.

4. *Legal Status of Petitioner.* The following checked statement applies:

   [ ] Petitioner is the Claimant.

   [ ] Petitioner is an attorney at law representing the Claimant.

   [ ] Petitioner is the Authorized Representative of the Claimant.

   [ ] Petitioner is an attorney at law representing the Authorized Representative of the Claimant.

   [✔] The above subparagraphs do not apply, but Petitioner is entitled to payment of such monies because (state basis for claim):

   Spring Solutions, LLC is the successor claimant and asignee to Junelle Jackson

5. *Authorized Representative of Claimant.* If the Petitioner is the Authorized Representative of the Claimant, or an attorney at law representing the Authorized Representative of the Claimant, append to the Petition a notarized, original power of attorney signed by the Claimant on whose behalf the representative is acting.

2

6.  *Status of Successor Claimant.* If the current Claimant is not the original holder of the claim, the following requirements apply:

    (a)  *Successor Business.* If Claimant is a Successor Business Claimant, check this box [✓] and append to the Petition the following documents:
    - a notarized power of attorney signed by an officer of the successor business;
    - a statement of the signing officer's authority; and
    - documentation establishing chain of ownership from the Business Claimant.

    (b)  *Transferred Claim.* If Claimant is a Successor Claimant holding a transferred (assigned) claim, check this box [ ] and append to the Petition documentation evidencing the transfer of claim.

    (c)  *Decedent's Estate.* If the owner of record is deceased and the Claimant is the decedent's estate, check this box [ ] and append to the Petition certified copies of probate documents establishing the representative's right to act on behalf of the decedent's estate.

7.  *Verification of Claim.* Upon sufficient inquiry, and upon Petitioner's information and belief, this claim has not been previously paid, no other petitions or requests for payment are pending, and there are no other parties other than Claimant entitled to these funds.

8.  *False Statements.* Petitioner understands that pursuant to 18 U.S.C. § 152, a fine or imprisonment, or both, may be imposed if Petitioner has knowingly and fraudulently made any false statements in this document.

9.  *Exhibit A.* Petitioner certifies that the required proofs of identification attached to Exhibit A are legitimate and proper.

10. *Service.* Petitioner has served a copy of the Petition for Unclaimed Funds and Order Thereon, Exhibit A, and all attached documents by regular U.S. Mail this 22 day of February, 2021 to the United States Attorney for the Northern District of Ohio, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Suite 400, Cleveland, Ohio 44113. The United States Attorney is allowed 14 days from the date of service to file an objection to payment of these funds.

WHEREFORE, pursuant to 11 U.S.C. § 347, 28 U.S.C. § 2042, and Local Bankruptcy Rule 3011-1, Petitioner requests that the Court issue an Order directing payment to the Claimant in the amount set forth in section 2, above, and that payment be forwarded to the Petitioner.

Under penalty of perjury, I, the Claimant, or the Authorized Representative of the Claimant, certify that:

1. The information contained herein is true and correct to the best of my knowledge, information, and belief;
2. The Tax ID/Social Security Number on Exhibit A is correct, and;
3. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest and dividends, or (c) the IRS has notified me that I am no longer subject to the backup withholding, and;
4. I am (a) an individual who is a U.S. citizen or U.S. resident alien, or (b) a partnership, corporation, company, or association created or organized in the United States or under the laws of the United States;

_Marguette Potts_        2/22/2021

(Corporate Seal, if applicable)    *Signature of Claimant or Authorized Representative of Claimant*      Date

State of _Maryland_
County of _Anne Arundel_

Before me on _February 22, 2021_ personally appeared the Claimant or the Authorized Representative of Claimant *(insert name and title of signer)* _Marquette Potts_

personally known to me, or proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity on behalf of which the person acted, executed the instrument.

(SEAL)



_Michele Sell_
Notary Public

My commission expires on _March 17, 2024_

_Marguette Potts (N/A)_
Petitioner's Signature (Bar Number if Attorney)

_205 Gloucester Drive_
_Glen Burnie, MD 21060_
Petitioner's Address

_410.760.58410_
Petitioner's Phone Number

IT IS SO ORDERED.
# # #

4

# UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: JUNELLE JACKSON  Case No.: 11-50061

Debtor(s)

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Keith L. Rucinski, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. Section 1302(b)(1). The trustee declares as follows:

1) The case was filed on 01/09/2011.
2) The plan was confirmed on 05/20/2011.
3) The plan was modified by order after confirmation pursuant to 11 U.S.C Section 1329 on NA.
4) The trustee filed action to remedy default by the debtor in performance under the plan on NA.
5) The case was completed on 06/07/2016.
6) Number of months from filing or conversion to last payment: 65.
7) Number of months case was pending: 70.
8) Total value of assets abandoned by court order: NA.
9) Total value of assets exempted: 27,875.00.
10) Amount of unsecured claims discharged without full payment: .00.
11) All checks distributed by the trustee relating to this case have cleared the bank.

### Receipts:

| | | |
|---|---|---|
| Total paid by or on behalf of the debtor: | $117,920.00 | |
| Less amount refunded to debtor: | $3,454.84 | |
| **NET RECEIPTS:** | | $114,465.16 |

### Expenses of Administration:

| | | |
|---|---|---|
| Attorney's Fees Paid Through The Plan: | $2,200.00 | |
| Court Costs: | $.00 | |
| Trustee Expenses and Compensation: | $6,404.06 | |
| Other: | $.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION:** | | $8,604.06 |
| Attorney fees paid and disclosed by debtor: | $800.00 | |

### Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| CAPIO PARTNERS LLC | Unsecured | NA | 96.70 | 96.70 | 96.70 | .00 |
| CAPIO PARTNERS LLC | Unsecured | NA | 2,336.95 | .00 | .00 | .00 |
| CAPIO PARTNERS LLC | Unsecured | NA | 202.20 | .00 | .00 | .00 |
| CITY OF BRUNSWICK | Priority | NA | 3,594.45 | .00 | .00 | .00 |
| OCWEN LOAN SERVICING LLC | Secured | 12,000.00 | 15,418.89 | 15,418.89 | 15,418.89 | .00 |
| OCWEN LOAN SERVICING LLC | Secured | NA | 131,272.27 | 79,258.97 | 79,258.97 | .00 |